**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN MURPHY,

        Petitioner,

v.                                          Case No. 09-12607

SHIRLEE HARRY,

        Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT; (2) DISMISSING PETITIONER'S PETITION FOR
WRIT OF HABEAS CORPUS; AND (3) AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY**

      Petitioner John Murphy, a state inmate incarcerated at the Pine River

Correctional Facility in St. Louis, Michigan,[1] filed a pro se petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner was charged with armed robbery,

Mich. Comp. Laws § 750.529, and felony firearm, Mich. Comp. Laws § 750.227b.  He

was convicted and sentenced to thirty-five to sixty years in prison for the armed robbery

conviction and two years in prison for the felony-firearm conviction.  Respondent did not

file an answer to the petition but instead filed a "Motion for Summary Judgment" [Dkt. #

_____

      [1]Petitioner was incarcerated at the Muskegon Correctional Facility when he
originally filed his petition for a writ of habeas corpus.  He has since been transferred to
the Pine River Correctional Facility.  The proper respondent in a habeas case is the
habeas petitioner's custodian, which in the case of an incarcerated petitioner is the
warden of the facility where the petitioner is incarcerated.  Rule 2(a) of the Rules
Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D.
Mich. 2006).  In most cases where a petitioner is transferred to a different facility after
the petition has been filed, the court would order an amendment of the case caption.
But because the court is granting Respondent's motion for summary judgment and
thereby dismissing the petition in this case, it finds no reason to do so.

4], arguing that the petition was not timely filed under 28 U.S.C. § 2244(d)(1).  Petitioner

acknowledges that the statute of limitations has lapsed.  He nonetheless alleges that he

is actually innocent of the crimes with which he was charged and convicted.  The court

will construe Petitioner's claim of actual innocence as a request to equitably toll the

limitation period.  For the reasons stated below, the court will grant Respondent's

"Motion for Summary Judgment" [Dkt. # 4], and will dismiss Petitioner's habeas petition.

The court will also decline to issue a certificate of appealability.

## I. BACKGROUND

This case arises as a result of an armed robbery that occurred on February 1,

1991, in Detroit, Michigan.  Petitioner's trial began on August 13, 1991, and he was

convicted three days later.

Valerie Duerk, the victim, testified that she was on her way to visit a friend and

driving her Cadillac near the intersection of Moross and Kelly when she was struck by a

compact car driven by Petitioner.  After the impact, both she and Petitioner got out of

their respective cars; she said Petitioner put a gun to her head, then hit her over the

head with the gun, and forced her back into her car.  She said Petitioner got in the

driver's seat of her car and drove away.

Duerk said that Petitioner eventually stopped and ordered her to get out, which

she did and then ran to the nearest house.  Duerk said Petitioner took her purse, her

jewelry, and her coat.  She later found her car on Moross, with the keys in it.  Duerk

identified Petitioner in a photograph lineup two days after the incident, and later in a

corporeal lineup.

On the second day of trial, Petitioner failed to appear and a capias was ordered.

2

The next day, the third day of trial, the jury convicted Petitioner in absentia.  He was eventually arrested on May 1, 1992.  The sentence, having been delayed about ten months, was pronounced on June 9, 1992.

Following sentencing, on June 29, 1993, Petitioner filed an appeal of right in the Michigan Court of Appeals, challenging his convictions based on an alleged violation of his Sixth Amendment right to be present at every stage of his trial.  Petitioner then substituted his appellate counsel.  His new appellate counsel filed a supplemental claim of appeal on June 28, 1994, raising two new issues: that the trial court erred in its jury instructions regarding the lesser included offense; and that the sentence was excessive in light of the guidelines.

On February 3, 1995, Petitioner filed a motion in the Michigan Court of Appeals, requesting permission to file a second supplemental claim of appeal, alleging that both pretrial identifications of Petitioner were deceptive and unfair.  On March 27, 1995, the court of appeals denied the motion and affirmed Petitioner's conviction.  *People v. Murphy*, No. 156080 (Mich. Ct. App. Mar. 27, 1995).  Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied on November 29, 1995.  *People v. Murphy*, 543 N.W.2d 318 (Mich. 1995).

Petitioner filed a post conviction motion in the trial court on July 26, 2005,[2] alleging that (1) the trial court erred in sentencing, and (2) trial counsel was ineffective for failing to suppress the pretrial identifications and for failing to produce alibi

---

[2]In his pro se pleadings, Petitioner claims that the motion for relief from judgment was filed on February 4, 2005.  However, according to the Wayne County Circuit Court docket sheet, the motion was docketed on July 26, 2005.

3

witnesses.  On February 1, 2006, the trial court denied the motion.  *People v. Murphy*,

No. 91-0023113 (Wayne County Cir. Ct. Feb. 1, 2006).  Petitioner filed an application

for leave to appeal that decision in the Michigan Court of Appeals, which was denied.

*People v. Murphy*, No. 276916 (Mich. Ct. App. June 19, 2007).  Petitioner then filed an

application for leave to appeal to the Michigan Supreme Court, which was denied on

November 29, 2007.  *People v. Murphy*, 741 N.W.2d 307 (Mich. 2007).

On July 2, 2009, Petitioner filed this habeas petition, raising the following claims:

I.     Where Petitioner is "innocent" of the charged offense, failure to
       review his constitutional claims for the first time on collateral review
       will result in a miscarriage of justice where Petitioner was denied
       his constitutional right to the effective assistance of counsel when
       his trial attorney failed to pursue a filed motion to suppress an
       unlawful identification procedure, and failed to produce two known
       alibi witnesses.  Had counsel performed as counsel with ordinary
       skill and training, the results of Petitioner's trial would have been
       different.

II.    Petitioner established an entitlement to relief from the judgment of
       his conviction and sentence by demonstrating good cause for the
       failure to raise his present claims on direct appeal or in a prior
       motion and, actual prejudice from the alleged irregularities in this
       criminal process.

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132,

110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's

effective date, April 24, 1996, and imposes a one-year limitations period for habeas

corpus petitions.  28 U.S.C. § 2244(d)(1).  Petitioner's application for habeas corpus

relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the

limitations period for filing an application for habeas corpus relief, apply to Petitioner's

application.  *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).  Title 28 of the United States

4

Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

>>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

>>   (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under § 2244(d)(1)(A), if a petitioner does not seek review from the United States Supreme Court, the one-year statute of limitations begins to run on the day after the time for petitioning the Court has passed.  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).  A petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment in any case, civil or criminal, entered by a state court of last resort."  Sup. Ct. R. 13.

Pursuant to § 2244(d)(2), the statute of limitations is tolled during the time a properly filed application for state post-conviction relief or other collateral review is pending.  A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the

5

limitations period.  *Id.*  The one-year statute of limitations is also tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the application.  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003).  While a properly filed application for state post-conviction relief tolls the limitations period, it does not start a new limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

### III.  DISCUSSION

Here, Petitioner was convicted and sentenced before the AEDPA was enacted. Where a newly enacted statute shortens the stature of limitations and the new statute of limitations has already run, a party must be given a reasonable time to file suit.  *Ochoa v. Hernandez*, 230 U.S. 139 (1912).  Petitioners in actions covered by the AEDPA may therefore have the benefit of a one-year grace period.  *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999).  Therefore, Petitioner had one year from April 24, 1996, or until April 24, 1997,[3] to file his habeas petition.

Filing a state-court application for post-conviction relief tolls the statute of limitations under 28 U.S.C. § 2244 (d)(2).  But, here, by the time Petitioner filed his state-court application for post-conviction relief, the statute of limitations had already run—by approximately eight years.  Accordingly, there was no limitations period to toll, and Petitioner cannot avail himself of § 2244 (d)(2)'s tolling provision.  *Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001).

---

[3]  Without the benefit of this rule, Petitioner's petition would have been due around the end of February 1997, or one year after the deadline for petitioning the United States Supreme Court.

6

Petitioner filed his habeas petition on July 2, 2009, more than twelve years after the expiration of the one-year statute of limitations. Hence, Petitioner is barred from habeas relief.

Petitioner, however, argues that the court should invoke the doctrine of equitable tolling in his case because he is actually innocent. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Id.* at 588-90. As the *Souter* Court explained, where a petitioner "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner supports his claim of actual innocence by asserting that he would not have been convicted if his attorney would have filed a motion to suppress the pretrial identifications, and if trial counsel would have called two alibi witnesses. Petitioner does not provide the court with support for his conclusion; he does not bring forth any new evidence, let alone any evidence so powerful that no reasonable juror would find him guilty beyond a reasonable doubt. Accordingly, neither claim demonstrates new reliable

7

evidence as required by *Schlup*.  *See House v. Bell*, 547 U.S. 518, 538 (2006).

Therefore, the court finds that Petitioner is not entitled to equitable tolling.

Having failed to establish entitlement to either statutory or equitable tolling,

Petitioner's petition will be dismissed as untimely.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal

the denial of a habeas petition for relief from either a state or federal conviction.[4]  28

U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made

a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial

showing threshold is met if the petitioner demonstrates that reasonable jurists would

find the district court's assessment of the constitutional claim debatable or wrong.  *See*

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by

demonstrating that . . .  jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003).  In applying this standard, a district court may not conduct a full merits review,

but must limit its examination to a threshold inquiry into the underlying merit of the

petitioner's claims.  *Id.* at 336-37.  The court concludes that jurists of reason would not

find the court's assessment of the constitutional claims debatable or wrong.  The court

thus declines to issue Petitioner a certificate of appealability.

---

[4] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing
Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides
that "[t]he district court must issue or deny a certificate of appealability when it enters a
final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.

## V. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Respondent's "Motion for Summary Judgment" [Dkt. # 4] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DISMISSED.

IT IS FURTHER ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.


                                        s/Robert H. Cleland_____
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2010, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner_____
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\09-12607.MURPHY.2254.Grant.Mot.SJ.jean.bsc.2.wpd